**Mariano LUCERO, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

**No. 10–958–ag.**

United States Court of Appeals, Second Circuit.

March 22, 2012.

further.

Samuel Iroegbu, Albany, NY, for Petitioner.

Tony West, Assistant Attorney General; Carl H. McIntyre, Jr., Assistant Director; Marion E. Guyton, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: ROSEMARY S. POOLER, DEBRA ANN LIVINGSTON, and DENNY CHIN, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Mariano Lucero, a native and citizen of Mexico, seeks review of a February 19, 2010, decision of the BIA denying his motion to reopen. *In re Mariano Lucero,* No. A077 543 536 (B.I.A. Feb. 19, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

 We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). The BIA did not abuse its discretion in denying Lucero's motion to reopen as untimely. As the BIA noted, Lucero's final order of removal was entered in 2007, but Lucero did not file his motion to reopen until 2009, well beyond the 90–day deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Moreover, the BIA reasonably concluded that Lucero's purported eligibility to adjust status did not excuse the time limitation for filing his motion to reopen. *See Matter of Yauri,* 25 I. & N. Dec. 103, 105 (BIA 2009) (emphasizing "that untimely motions to reopen to pursue an application for adjustment of status . . . do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen before the Board") (citing 8 U.S.C. § 1229a(c)(7)(C)(ii)–(iv) and 8 C.F.R. § 1003.2(c)(3)).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule

of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).